1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | MARTIN BAUTISTA, | Case No.: 22cv1185-GPC(KSC) |
|---|---|---|
| 12 | Plaintiff, | |
| 13 | v. | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR PRELIMINARY INJUNCTION AS MOOT** |
| 14 | ALEJANDRO MAYORKAS, SECRETARY, UNITED STATES | |
| 15 | DEPARTMENT OF HOMELAND | |
| 16 | SECURITY; CHRIS MAGNUS, COMMISSIONER, U.S. CUSTOMS | **[Dkt. No. 6.]** |
| 17 | AND BORDER PROTECTION; AND | |
| 18 | SIDNEY AKI, DIRECTOR, FIELD OPERATIONS, US CUSTOMS AND | |
| 19 | BORDER PROTECTION, SAN DIEGO | |
| 20 | FIELD OFFICE, | |
| 21 | Defendants. | |

22

23        Before the Court is Plaintiff's *ex parte* motion for preliminary injunction enjoining

24   Defendants from disposing of his 2021 Nissan Sentra.  (Dkt. No. 6.)  Defendants filed a

25   response on September 30, 2022.  (Dkt. No. 10.)  Plaintiff filed a reply on October 7,

26   2022.  (Dkt. No. 12.)  Based on the reasoning below, the Court DENIES Plaintiff's ex

27   parte motion for preliminary injunction as moot.

28

**Background**

On August 12, 2022, Plaintiff Martin Bautista[1] ("Plaintiff") filed a complaint against Defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security; Chris Magnus, Commissioner, U.S. Customs and Border Protection; and Sidney Aki, Director, Field Operations, U.S. Customs and Border Protection, San Diego Field Office seeking the return of an unauthorized seizure of his Gray 2021 Nissan Sentra VIN # 3N1AB8CV1MY329566 ("the Vehicle").   (Dkt. No. 1, Compl.)

Lidia Bautista ("Mrs. Bautista"), Plaintiff's wife, is the registered owner of the Vehicle and domiciled in Los Angeles County, California.  (*Id.* ¶ 6.)  On November 4, 2021, Mrs. Bautista met a friend in Tijauna Mexico to give her a ride to her job in San Diego.  (*Id.* ¶ 15.)  While there, Mrs. Bautista loaned her car to her friend while Mrs. Bautista went to the store and eventually her friend picked her up in her Vehicle.  (*Id.*).

Without Mrs. Bautista knowing, her friend had picked up two people who did not have legal status in the United States and concealed them in the trunk of the Vehicle.  (*Id.* ¶ 16.)  Mrs. Bautista learned about the two individuals concealed in the trunk when they were stopped at the San Ysidro checkpoint.  (*Id.*)  Mrs. Bautista was released without criminal charge because her friend was operating the Vehicle at the time of seizure.  (*Id.* ¶ 17.)

On the same day, DHS seized the Vehicle.  (*Id.* ¶ 18.)  Mrs. Bautista received a Notice of Seizure on November 9, 2021 indicating that the CBP was commencing forfeiture action against the Vehicle.  (*Id.* ¶ 19.)  Mrs. Bautista timely filed a petition with the CBP on November 19, 2021.  (*Id.*)

On December 4, 2021, Plaintiff retained counsel and sent a letter to CBP requesting a 30-day extension of time to respond which the CBP granted on December 15, 2021.  (*Id.* ¶ 20.)  On January 22, 2022, Plaintiff's counsel notified CBP that he was

---

[1] The Complaint also alleges that Lidia Bautista, Plaintiff's wife, brings a civil action; however, she is not a named Plaintiff in the case.  (Dkt. No. 1, Compl. at p. 2, l. 1-3.)

1   withdrawing representation of Mrs. Bautista and would be representing Plaintiff.  (*Id.* ¶
2   21.)  Counsel also submitted Plaintiff's petition for return of seized vehicle on January
3   22, 2022.  (*Id.*)

4          On January 27, 2022, CBP acknowledged acceptance of Plaintiff's submission
5   when it inquired as to whether he intended to pursue recovery of his vehicle
6   administratively and that Plaintiff needed to respond within 15 days of the date of the
7   letter.  (*Id.* ¶ 22.)  On February 1, 2022, Plaintiff responded to CBP's January 27th letter
8   indicating that Plaintiff intended to pursue the petition administratively before forfeiture
9   proceeds are initiated.  (*Id.* ¶ 23.)  On February 1, 2022, CBP Officer Smithburg sent an
10  email stating "We are in receipt of your correspondence indicating that it is your office's
11  intention to petition administratively for the seized vehicle.  Please provide your client's
12  proof of ownership of the vehicle."  (*Id.* ¶ 24.)  On February 1, 2022, Plaintiff's counsel
13  responded that Plaintiff and Mrs. Bautista were married and the Vehicle is considered
14  community property under California law.  (*Id.* ¶ 25.)

15         On February 15, 2022, Plaintiff's counsel received a letter stating the "Mr.
16  Bautista's notice was received January 24, 2022, thus it was untimely" and that the
17  Vehicle would be disposed of.  (*Id.* ¶ 26.)  On February 22, 2022, Plaintiff responded
18  arguing that Defendants had tolled any deadlines because they had accepted all responses
19  as timely and had notice of the petition and notice of Plaintiff's ownership of the Vehicle.
20  (*Id.* ¶ 27.)

21         On March 2, 2022, Defendants responded that Plaintiff's petition was not timely
22  and the 30-day extension had been granted only as to Mrs. Bautista and they were not
23  aware that anyone else had a claim to the Vehicle when the extension was granted.  (*Id.* ¶
24  28.)  Plaintiff claims that CBP waived any deadlines through its conduct.  (*Id.* ¶ 30.)

25         Plaintiff alleges a violation of his Fourth Amendment right to be free from
26  unreasonable search and seizure, (*id.* ¶¶ 38-42), and Fifth and Fourteenth Amendment
27  rights to due process, (*id.* ¶¶43-48).  He seeks the return of the Vehicle, an award of
28  attorney's fees and costs under the Equal Access to Justice Act and storage fees

1    accumulated in this matter.  (*Id.* at p. 12.)  In his motion, Plaintiff moves *ex parte* for a

2    preliminary injunction seeking to enjoin the disposal of Plaintiff's 2021 Nissan Sentra.

3    (Dkt. No. 6.)  Defendants filed a response including a declaration of the Supervisory

4    Paralegal Specialist in the office of Fines, Penalties and Forfeitures in the San Diego

5    Field Office.  (Dkt. No. 10-1, Praseuth Decl. ¶ 1.)  She confirmed that her office still

6    holds the Vehicle and will continue to hold it until judgment is entered in this lawsuit.

7    (*Id.* ¶ 2.)  Plaintiff replies arguing that despite Defendant's statement that it does not

8    intend to dispose of the vehicle until conclusion of the case, the Court should still grant

9    the preliminary injunction to preserve the status quo.  (Dkt. No. 12 at 3.)

**Discussion**

10

11   **A.      Legal Standard on Preliminary Injunction**

12         Federal Rule of Civil Procedure 65 authorizes a court to enter preliminary

13   injunction.  Fed. R. Civ. P. 65.  To obtain a preliminary injunction, the moving party

14   must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm

15   to the moving party in the absence of preliminary relief; (3) that the balance of equities

16   tips in the moving party's favor; and (4) that an injunction is in the public interest.

17   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

18         Under the Ninth Circuit's "sliding scale" approach, the first and third elements are

19   to be balanced such that "serious questions" going to the merits and a balance of

20   hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the

21   other two elements are also met.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

22   1127, 1134–35 (9th Cir. 2011).  A preliminary injunction is "an extraordinary remedy

23   that may only be awarded upon a clear showing that the plaintiff is entitled to such

24   relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four

25   *Winter* prongs.  *See Cottrell*, 632 F.3d at 1135; *DISH Network Corp. v. FCC*, 653 F.3d

26   771, 776-77 (9th Cir. 2011).

27   / / /

28   / / /

**B.      Analysis**

Here, Plaintiff seeks to enjoin Defendants from the "imminent disposal of Plaintiff's 2021 Nissan Sentra." (Dkt. No. 6 at 1.)  Because Defendant has declared that it holds the Vehicle and will continue to hold the vehicle until judgment in the case and Plaintiff has provided no reason why Defendants would not otherwise continue to hold the Vehicle until judgment, the Court DENIES Plaintiff's motion for preliminary injunction as moot.[2]  The hearing set on October 14, 2022 shall be **vacated**.

IT IS SO ORDERED.

Dated:  October 11, 2022

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] The Court notes that Plaintiff has not sufficiently demonstrated a likelihood of success on the merits of the facts in his case.  Further, Plaintiff has failed to demonstrate the Court should exercise its equitable jurisdiction by providing specific caselaw to support his argument of waiver.

5

22cv1185-GPC(KSC)