1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARTIN BAUTISTA,                    Case No.:  22cv1185-GPC(KSC)

12                          Plaintiff,   **ORDER GRANTING DEFENDANTS'**
                                         **MOTION TO DISMISS WITHOUT**
13   v.                                  **LEAVE TO AMEND**

14   ALEJANDRO MAYORKAS,
     SECRETARY, UNITED STATES            **[Dkt. No. 14.]**
15   DEPARTMENT OF HOMELAND
     SECURITY; CHRIS MAGNUS,
16   COMMISSIONER, U.S. CUSTOMS
     AND BORDER PROTECTION; AND
17   SIDNEY AKI, DIRECTOR, FIELD
     OPERATIONS, US CUSTOMS AND
18   BORDER PROTECTION, SAN DIEGO
19   FIELD OFFICE,

20                          Defendants.
21

22

23          Before the Court is Defendants' motion to dismiss the complaint pursuant to

24   Federal Rule of Civil Procedure 12(b)(1).  (Dkt. No. 14.)  Plaintiff filed an opposition and

25   Defendants replied.  (Dkt. Nos. 16, 17.)  Based on the reasoning below, the Court

26   GRANTS Defendants' motion to dismiss for lack of jurisdiction without leave to amend.

27   / / /

28   / / /

                                         1

1

## Background

2      On August 12, 2022, Plaintiff Martin Bautista[1] ("Plaintiff") filed a complaint[2]

3 against Defendants Alejandro Mayorkas, Secretary of the Department of Homeland

4 Security ("DHS"); Chris Magnus, Commissioner, U.S. Customs and Border Protection

5 ("CBP"); and Sidney Aki, Director, Field Operations, U.S. Customs and Border

6 Protection, San Diego Field Office seeking the return of an unauthorized seizure of his

7 Gray 2021 Nissan Sentra VIN # 3N1AB8CV1MY329566 ("the Vehicle").  (Dkt. No. 1,

8 Compl.)  He alleges violations of the Fourth Amendment right to be free from

9 unreasonable searches and seizures and Fifth and Fourteenth Amendment right to due

10 process.  (*Id.* at 10-11.[3])  He seeks the return of the Vehicle, an award of attorney's fees

11 and costs under the Equal Access to Justice Act and storage fees accumulated in this

12 matter.  (*Id.* at p. 12.)

13      Lidia Bautista ("Mrs. Bautista"), Plaintiff's wife, is the registered owner of the

14 Vehicle and domiciled in Los Angeles County, California.  (*Id.* ¶ 6.)  On November 4,

15 2021, Mrs. Bautista met a friend in Tijuana Mexico to give her a ride to her job in San

16 Diego.  (*Id.* ¶ 15.)  While there, Mrs. Bautista loaned her car to her friend while Mrs.

17 Bautista went to the store and eventually her friend picked her up in her Vehicle.  (*Id.*)

18      Without Mrs. Bautista knowing, her friend had picked up two people who did not

19 have legal status in the United States and concealed them in the trunk of the Vehicle.  (*Id.*

20 ¶ 16.)  Mrs. Bautista learned about the two individuals concealed in the trunk when they

21 were stopped at the San Ysidro checkpoint.  (*Id.*)  Mrs. Bautista was released without

22 criminal charge because her friend was operating the Vehicle at the time of seizure.  (*Id.* ¶

23 17.)

24

_____

25

26 [1] The Complaint also alleges that Lidia Bautista, Plaintiff's wife, brings a civil action; however, she is not a named Plaintiff in the case.  (Dkt. No. 1, Compl. at p. 2, l. 1-3.)

27 [2] On March 21, 2022, Plaintiff previously filed the same complaint but it was dismissed on July 1, 2022 after failing to show cause why he failed to file a proof of service or failed to serve.  (Case No. 22cv378-JLS(BLM), Dkt. No. 8.)

28 [3] Page numbers are based on the CM/ECF pagination.

22cv1185-GPC(KSC)

On the same day, DHS seized the Vehicle.  (*Id.* ¶ 18.)  Mrs. Bautista received a Notice of Seizure on November 9, 2021 indicating that the CBP was commencing forfeiture action against the Vehicle and provided guidance on how to procced.  (*Id.* ¶ 19.)  Mrs. Bautista timely filed a petition for return of seized vehicle with the CBP on November 19, 2021.  (*Id.*)

On December 4, 2021, Plaintiff retained counsel and sent a letter to CBP requesting a 30-day extension of time to respond which the CBP granted on December 15, 2021.  (*Id.* ¶ 20.)  Based on judicially noticed document, the December 4, 2021 letter informed CBP that Mrs. Bautista had retained counsel and she was seeking a 30-day extension of time.  (Dkt. No. 6-1, Ex. B at 4.[4])  The extension of time was granted as to Mrs. Bautista and she had until January 15, 2021 to respond.  (*Id.*, Ex. C at 11.)

On January 22, 2022, Plaintiff's counsel notified CBP that he was withdrawing representation of Mrs. Bautista and would be representing Plaintiff.  (Dkt. No. 1, Compl. ¶ 21.)  Counsel also submitted Plaintiff's petition for return of seized vehicle on the same day.  (*Id.*)

On January 27, 2022, according to the complaint, CBP acknowledged acceptance of Plaintiff's submission when it inquired as to whether he intended to pursue recovery of his vehicle administratively and that Plaintiff needed to respond within 15 days of the date of the letter.  (*Id.* ¶ 22.)  On February 1, 2022, Plaintiff responded to CBP's January 27th letter indicating that Plaintiff intended to pursue the petition administratively.  (*Id.* ¶ 23.)  On February 1, 2022, CBP Officer Smithburg sent an email stating "We are in

---

[4] Defendants asks the Court to consider documents attached to Plaintiff's motion for preliminary injunction under the incorporation by reference doctrine.  (*See* Dkt. No. 6-1.)  Plaintiff did not object. The incorporation by reference doctrine "is a judicially created doctrine", where the court "treats certain documents as though they are part of the complaint itself."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Here because the complaint references the details of the judicial proceedings, the Court considers them under the incorporation by reference doctrine.  *See Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1208 (N.D. Cal. 2009) (taking judicial notice of forfeiture proceedings on motion to dismiss).

receipt of your correspondence indicating that it is your office's intention to petition administratively for the seized vehicle.  Please provide your client's proof of ownership of the vehicle." (*Id.* ¶ 24.)  On February 1, 2022, Plaintiff's counsel responded that Plaintiff and Mrs. Bautista were married and the Vehicle is considered community property under California law.  (*Id.* ¶ 25.)

On February 15, 2022, Plaintiff's counsel received a letter stating the "Mr. Bautista's notice was received January 24, 2022, thus it was untimely" and that the Vehicle would be disposed of.  (*Id.* ¶ 26.)  On February 22, 2022, Plaintiff responded arguing that Defendants had tolled any deadlines because they had accepted all responses as timely and had notice of the petition and notice of Plaintiff's ownership of the Vehicle. (*Id.* ¶ 27.)  On March 2, 2022, Defendants responded that Plaintiff's petition was not timely and the 30-day extension had been granted only as to Mrs. Bautista and they were not aware that anyone else had a claim to the Vehicle when the extension was granted. (*Id.* ¶ 28.)  Plaintiff claims that CBP waived any deadlines through its conduct.  (*Id.* ¶ 30.)

On September 21, 2022, Plaintiff filed an ex parte motion for preliminary injunction enjoining Defendants from disposing of his 2021 Nissan Sentra.  (Dkt. No. 6.) After full briefing, on October 11, 2022, the Court denied the ex parte motion for preliminary injunction as moot because Defendants declared they would hold onto the Vehicle until judgment is entered in the case.   (Dkt. No. 13 at 4-5.)

Now pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction because the Civil Asset Forfeiture Reform Act of 2000, ("CAFRA"), 18 U.S.C. § 983 divests the Court of jurisdiction.  Plaintiff opposes.

## Discussion

### A.   Legal Standard Federal Rule of Civil Procedure 12(b)(1)

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger,* 437

U.S. 365, 374 (1978).  Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*  When evaluating a facial attack, the court assumes the truth of the complaint's allegations and draws all reasonable inferences in plaintiff's favor.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Id.; McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  Defendants raise a facial challenge.  (*See* Dkt. No. 17 at 2 n.2 ("While the Court must presume the well-pleaded facts of the Complaint to be true for the purposes of Defendants' facial challenge to Plaintiff's pleading . . . .").

**B.    Analysis**

Defendants argue that the Court lacks subject matter jurisdiction under CAFRA to review an agency's decision on Plaintiff's petition or its ultimate forfeiture of the Vehicle.  (Dkt. No. 14 at 5-6.)  Plaintiff responds that the Court has federal question jurisdiction under the Administrative Procedure Act ("APA") and under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  (Dkt. No. 16 at 4-5.)  Defendants reply that Plaintiff cannot avoid the exclusive remedy provided under CAFRA by raising claims under the APA and U.S. Constitution.  (Dkt. No. 17 at 3-4.)

In 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, which amended the seizure and forfeiture of property used

to facilitate criminal activity by the federal government.  *See Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007).  CAFRA authorizes a seizing agency to administratively forfeit assets valued at or less than $500,000 but any seized assets valued at more than $500,000 must be made only upon a judicial decree after judicial forfeiture proceedings.  19 U.S.C. §§ 1607, 1610.  The complaint alleges the value of the Vehicle to be about $21,000 at the time of seizure.  (Dkt. No. 1, Compl. ¶ 14.)

Once property has been seized during the commission of a crime, the seizing agency must send a notice of its intent to forfeit the property to potential claimants within 60 days of the seizure.  18 U.S.C. § 983(a)(1)(A)(i).  Once a claimant receives notice from the agency advising of the forfeiture, the claimant must decide whether he or she seeks to pursue forfeiture administratively or judicially.  *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  A claimant may seek either administrative or judicial forfeiture, but not both.  *Id.* (quoting *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 889-90 (D.C. Cir. 2009) ("The forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture.").  "A petition for remission 'asks the agency for discretionary return of the property,' while a claim 'initiates the judicial process to decide whether the property should be forfeited.'"  *Id.* (quoting *Malladi Drugs & Pharms., Ltd*., 552 F.3d at 889-90).

If an administrative petition is timely submitted and is subsequently denied by the seizing agency, the only remedy CAFRA provides is a motion to set aside a declaration of forfeiture for failing to receive a "written notice in any nonjudicial civil forfeiture proceeding" 18 U.S.C. § 983(e)(1), and "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  18 U.S.C. § 983(e)(5).

Because the exclusive remedy for a claimant seeking return of forfeited property is limited by 18 U.S.C. § 983(e)(5), district courts lack jurisdiction to review a federal agency's decision to deny an administrative petition.  *Conservation Force,* 646 F.3d at 1243 (barring judicial review when claimant received proper notice of the proposed

forfeitures, elected to pursue an administrative remedy and filed petitions for remission which were subsequently denied); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) ("This court has determined that it lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture determinations."). Therefore, the district court's review is limited to "whether [the claimant] received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the check." *Mesa Valderrama*, 417 F.3d at 1196.

In this case, the Vehicle was subject to forfeiture under 18 U.S.C. § 1324(b) for alien smuggling. (Dkt. No. 1, Compl. ¶ 18; Dkt. No. 6-1, Ex G at 39 (citing 18 U.S.C. § 1324(b)(1) ("Any . . . vessel,   . . . that has been or is being used to the commission of a violation of subsection (a) . . . shall be seized and subject to forfeiture.")). The complaint alleges Plaintiff had notice of the forfeiture proceedings through the Notice of Seizure that Mrs. Bautista received and does not challenge the notice provided. (Dkt. No. 1, Compl. ¶ 19; *see* Dkt. No. 16.) While Mrs. Bautista filed her petition on November 19, 2021, (Dkt. No. 1, Compl. ¶ 19), Plaintiff did not file his petition until January 22, 2022, over two months after the Notice of Seizure. Ultimately, on February 15, 2021, the CBP denied Plaintiff's petition because it was untimely. (Dkt. No. 6-1, Ex. G at 39.)

In opposition, Plaintiff does not challenge the notice of seizure but challenges the merits of CBP's determination that his petition was not timely which is barred by CAFRA. *See Conservation Force,* 646 F.3d at 1243. Therefore, the Court lacks jurisdiction over his challenge to the CBP's denial of his petition as untimely.

However, even if the Court were to consider his argument, it is questionable. The complaint alleges that by responding to his petition as if it were timely and requiring him to submit documents to show his ownership of the Vehicle, the CBP accepted his petition as timely and by its conduct tolled or waived any deadlines. (Dkt. No. 1, Compl. ¶¶ 24-30.) Relying on the complaint's allegations, Plaintiff attempted to substitute in the place of Mrs. Bautista as the claimant in her petition. However, Plaintiff and Mrs. Bautista are distinct persons and Plaintiff has not provided any legal authority that his attempted

substitution was proper.  Further, even if Plaintiff could step into the shoes of Mrs. Bautista, he still failed to timely file a petition or response by January 15, 2022, the deadline Mrs. Bautista was granted to file a response.  Finally, Plaintiff has not provided any legal authority that the CBP's response to his untimely petition is deemed an acceptance of the petition as timely, and thus, any deadlines would be tolled or waived.

Because Plaintiff received proper notice of the seizure, the Court lacks jurisdiction over the merits of the CBP's decision in the underlying forfeiture.  *See* 18 U.S.C. § 983(a)(2)(B); *Plumhof v. U.S. Customs and Border Patrol*, No. 12cv2521 AJB(NLS), 2013 WL 2295666, at *7 (S.D. Cal. May 24, 2013) (court may only consider whether the plaintiff received proper and timely notice of the vehicle seizure and because parties do not dispute that plaintiff received timely notice, the court lacked jurisdiction); *Rodriguez v. United States Dept. of Justice*, 4 Fed. Appx. 104, 106 (2nd Cir. 2001) (court lacked subject matter jurisdiction over motion for return of forfeited property because plaintiff filed claim with agency two weeks late); *Pert v. United States*, No. 3:10–cv–0739–LRH–RAM, 2011 WL 1792767, at *5 (D. Nev. 2011) (court lacked subject matter jurisdiction over challenge to forfeiture because plaintiff's notice of claim to the agency was untimely).

In his opposition, Plaintiff summarily argues that the Court has jurisdiction under federal question jurisdiction because he is bringing claims under the Administrative Procedure Act ("APA") and under the Fourth and Fifth/Fourteenth Amendments of the United States Constitution.  (Dkt. No. 16 at 4-5.)  However, a plaintiff may not bypass the exclusive jurisdiction of CAFRA by seeking to set aside a forfeiture under CAFRA through the APA.  *See Conservation Force v. Salazar,* 677 F. Supp. 2d 1203, 1209 (N.D. Cal. 2009) *aff'd* 646 F.3d 1240 (9th Cir. 2011) (dismissing APA claim as not reviewable because of agency discretion to administratively forfeit property and CAFRA is the exclusive remedy seeking to set aside a declaration of forfeiture); *United States v. Simon*, 609 Fed. App'x 1002, 1007 (11th Cir. 2015) ("The district court was also correct to

conclude that Mr. Simon could not seek review of the underlying administrative forfeiture decision via the APA.").

Under the APA, Congress has waived sovereign immunity over actions "seeking relief other than monetary damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702.  But the waiver does not apply when "statutes preclude judicial review" or "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).   Here, CAFRA provides for the exclusive remedy and Congress has committed to the agencies discretion to conduct administrative forfeitures; therefore, review under the APA is not permitted.  *See Browne v. Gossett*, 259 Fed. App'x 928, 929 (9th Cir. 2007) (rejecting argument that APA waives sovereign immunity because only claim for non-monetary relief was the return of the forfeited property and the exclusive remedy is under CAFRA); *Conservation Force*, 677 F Supp. 2d at 1209 (because petitions for remissions are determined by the Solicitor in his or her discretion, APA cannot be reviewed); *United States v. Pickett*, No. 07–CR–117, 2012 WL 694712, at *1 (E.D.N.Y. Mar. 1, 2012) ("The APA does not waive sovereign immunity for challenges to civil forfeiture proceedings; rather, a motion under § 983(e) of CAFRA is the 'exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'").

Also, Plaintiff may not avoid the exclusive jurisdiction of CAFRA by seeking to set aside a forfeiture under CAFRA through constitutional claims.  *See Mikhaylov v. United States*, 29 F. Supp. 3d 260, 272 (E.D.N.Y. 2014) (plaintiff's exclusive remedy concerning the forfeiture of his money is a § 983(e) motion and not additional *Bivens*[5] claims); *Williams v. O'Donnell*, 3:19-CV-00418-BR, 2020 WL 6686416 at *6, 10 (D. Or. Nov. 12, 2020) (dismissing Fourth Amendment claim for unlawful seizure of funds

---

[5] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

22cv1185-GPC(KSC)

because CAFRA provides the exclusive remedy); *Lefler v. United States*, No. 11CV220-LAB POR, 2011 WL 2132827, at *2 (S.D. Cal. May 26, 2011) ("Even if [the plaintiff] . . . could show . . . he would have contested the forfeiture . . . , a *Bivens* action would not lie because [the plaintiff] has a remedy under § 983(e)."); *United States v. Hall*, 2:06-cr-00310-HDM-PAL, 2010 WL 11531405, at *6 (D. Nev. Mar. 31, 2010) (dismissing the plaintiff's claim brought pursuant to *Bivens* for the return of currency seized and forfeited on the ground that "CAFRA is the exclusive remedy" for the plaintiff's claim).

However, to the extent that the Court could consider the constitutional claims, the Court notes the complaint alleges that Defendants are heads of federal agencies and are being sued in their official capacities.  (Dkt. No. 1, Compl. ¶¶ 7-9.)  A suit against federal employees in their official capacities is a suit against the United States and subject to sovereign immunity.  *See Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities.").  Plaintiff fails to explain how sovereign immunity has been waived for these Defendants.

Accordingly, the Court GRANTS Defendants' motion to dismiss for lack of jurisdiction.  In the event the Court grants dismissal, Plaintiff requests leave to amend the complaint in order to demonstrate compliance with the APA.  (Dkt. No. 16 at 6.)  However, as stated above, Plaintiff may not seek relief through the APA.  Accordingly, the Court denies Plaintiff's request for leave to amend as any amendment would be futile. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (dismissal without leave to amend is improper unless amendment would be clearly futile).

### Conclusion

Accordingly, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and DENIES Plaintiff's request for leave

/ / /

/ / /

22cv1185-GPC(KSC)

1  to file an amended complaint.  The Clerk of Court shall close the case.

2          IT IS SO ORDERED.

3  Dated:  December 8, 2022

4                                         Hon. Gonzalo P. Curiel
5                                         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22cv1185-GPC(KSC)